UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00013-FDW

| | |
|---|---|
| MARCUS ANTOINE WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SOUTHERN HEALTH PARTNERS ) | |
| NURSING STAFF, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff Marcus Antoine Wilson's pro se civil Complaint (Doc. No. 1). See 28 U.S.C. §§ 1915A, 1915(e).[1]

Plaintiff, a prisoner in the custody of the North Carolina Department of Public Safety ("NC DPS"), filed the instant Complaint pursuant to 42 U.S.C. § 1983 while a pre-trial detainee at the Cleveland County Detention Center.[2] Plaintiff names Southern Health Partners' nursing staff at Cleveland County Detention Center and Cleveland County Detention officers, as a whole, as Defendants in this action.

### I. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous," "malicious,"

---

[1] Plaintiff filed an application to proceed in forma pauperis with the Complaint. (Doc. No. 2.) On April 5, 2018, the Clerk of Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6).

[2] According to the Cleveland County Detention Center, Plaintiff was released to the custody of the NC DPS at some point after he filed the instant Complaint. (April 13, 2018 Docket Entry.) Plaintiff has not provided the Court a change of address, but according to the NC DPS Offender Public Information website, Plaintiff currently is incarcerated at Lumberton Correctional Institution. See
https://webapps.doc.state.nc.us/opi/offendersearch.do?method=view (last viewed on April 26, 2018).

1

"fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, the Court must determine whether the Complaint raises an "indisputably meritless legal theory," Denton v. Hernandez, 504 U.S. 25, 32 (1992), or is founded upon clearly baseless factual contentions, such as "fantastic or delusional scenarios," Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). While a pro se complaint must be construed liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the liberal construction requirement will not permit a district court to ignore a plaintiff's clear failure to allege facts which set forth a claim that is cognizable under federal law, see Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## II. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff invokes the Eighth Amendment to the federal Constitution and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104-191, 110 Stat. 1936 (1996). (Compl. 3, 8, 9, Doc. No. 1.)

Plaintiff alleges that on numerous unidentified dates and times, he notified unidentified nurses and officers at the Cleveland County Detention Center that they were violating his HIPAA rights during medical examinations. According to the Complaint, nurses left the door open when examining Plaintiff which enabled officers and other inmates to see and hear the examinations. The Complaint also alleges the nurses were "bad about talking to the officers about [his] health issues" and that other inmates were able to hear what was said about his medical conditions. He asserts these practices made him depressed and ashamed because of the

sensitive nature of his health issues and the location of the area that needed to be treated. He asserts further that other inmates laughed at him and gossiped about the location of his wound. (Compl. 7; Pl.'s Ex., Doc. No. 1-1 at 12-13.)

Plaintiff's Complaint fails, as an initial matter, because he has not named any person or legal entity capable of being sued. Individual liability under § 1983 must be based on personal participation in the constitutional violation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) (stating that under § 1983, liability is personal in nature). To proceed on a § 1983 claim, a plaintiff must identify the individuals or distinct legal entity alleged to have acted under color of state law. See id. at 688 & n.55 (noting that, for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); Fed. R. Civ. P. 17(b). Neither "Southern Health Partners' nursing staff" nor "Cleveland County Detention officers" is a distinct legal entity capable of being sued; nor is either a "person" within the meaning of § 1983.

**A. Eighth Amendment**

Next, Plaintiff fails to state a claim for relief under § 1983 based on a violation of his Eighth Amendment rights. The Eighth Amendment contains a prohibition against cruel and unusual punishment. U.S. Const. amend. VIII. Because Plaintiff was a pre-trial detainee at all relevant times, the Fourteenth Amendment applies to his claim, but the analysis is the same as claims raised under the Eighth Amendment. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239 (1983).

Based upon the nature of Plaintiff's allegations, the Court assumes Plaintiff invokes the Eighth Amendment because it protects against the "deliberate indifference to serious medical needs" of an inmate, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), rather than because it protects inmates from inhumane methods of punishment and other inhumane conditions of

confinement, see Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  To state a claim under the Eighth Amendment for "deliberate indifference to serious medical needs," a plaintiff must show "that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care."  Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness."  Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff does not allege anywhere in the Complaint that nurses or officers at Cleveland County Detention Center were deliberately indifferent to his serious medical needs.  Nor does he allege any facts that would support such a claim.  The only facts alleged in the Complaint relate to Plaintiff's HIPAA claim and issues of privacy.[3]  In short, Plaintiff has failed to articulate any facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief under § 1983 based upon Defendants' "deliberate indifference to [his] serious medical needs."  See Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (A pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face.").

---

[3] Plaintiff attached copies of a number of grievances he filed at the Cleveland County Detention Center to his Complaint. (Pl.'s Ex., Doc. No. 1-1.)  To the extent Plaintiff believes attaching grievances that cover a range of issues, including complaints of problems with his medication, diet, and lack of medical attention, is sufficient to identify a claim based upon deliberate indifference to serious medical needs, he is mistaken.  The Federal Rules of Civil Procedure require that a civil complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Simply attaching grievances to a complaint is not sufficient to meet the pleading requirements of Fed. R. Civ. P. 8, even under the liberal construction allowances accorded pro se litigants.

## B. HIPAA

Finally, Plaintiff fails to state a claim for relief based on alleged violations of HIPAA. The HIPAA statute establishes standards and regulations intended to protect the privacy and accuracy of medical records. 42 U.S.C. § 1320d. It does not, however, provide a private right of action for any citizen. See § 1320d–6(a)(2); Wilkerson v. Shinseki, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("Any HIPAA claim fails as HIPAA does not create a private right of action for alleged disclosures of confidential medical information."); Acara v. Banks, 470 F.3d 569, 572 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA."); see also Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1080 (9th Cir. 2007) (noting that HIPAA provides for no private right of action).

Given that Plaintiff is attempting to assert a claim based on a non-existent private cause of action (i.e. for alleged violation of HIPAA law), his Complaint fails to state a plausible claim under § 1983. See Twombly, 550 U.S. at 555, 570. Moreoever, neither the Supreme Court nor the Fourth Circuit Court of Appeals has recognized a constitutional right in the privacy of an inmate's medical information. See e.g., Feliciano v. Cox, No. 5:15-CT-3254-FL, 2018 WL 1403609, at *2 n.2 (E.D.N.C. Mar. 20, 2018); Brown v. Miller, No. 1:13CV3, 2016 WL 406373, at *6 (N.D.W. Va. Feb. 2, 2016); Cooke v. U.S. Bureau of Prisons, 926 F.Supp.2d 720, 736 (E.D.N.C. 2013); Rollins v. Miller, No. 1:12–CV–298–RJC, 2012 WL 4974966, at *2 (W.D.N.C. Oct.17, 2012); Sherman v. Jones, 258 F.Supp.2d 440 (E.D.Va.2003).

## III. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, it shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**IT IS, THEREFORE, ORDERED** that Plaintiff's 42 U.S.C. § 1983 Complaint (Doc.

No. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court mail a copy of this Order to Marcus Antoine Wilson, Offender No. 0659939, Lumberton Correctional Institution, 75 Legend Rd., Lumberton, NC 28359.

**SO ORDERED.**

Signed: April 26, 2018

Frank D. Whitney
Chief United States District Judge